## THOMAS *v.* STATE.

### Opinion delivered January 20, 1908.

1. RECEIVING STOLEN GOODS—INSTRUCTION AS TO POSSESSION.—It was error, in a prosecution for receiving stolen property with knowledge that it was stolen, to instruct the jury that the possession or receipt of property that had been recently stolen, unexplained, would be sufficient to sustain a conviction, if coupled with proof that the property was stolen and that defendant knew that the property was stolen. *Duckworth* v. *State*, 83 Ark. 192, followed. (Page 139.)

2. APPEAL—INSTRUCTION—ASSIGNMENT OF ERROR.—Where defendant objected to only one instruction given by the court, an assignment in the motion for new trial which set up the substance of the instruction with sufficient definiteness to point it out was sufficient. (Page 139.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

#### STATEMENT BY THE COURT.

The indictment in this cause charges appellant with having committed the offense of receiving stolen property, with the knowledge that it was stolen.

Testimony was adduced at the trial tending to show that one night about the last of April or the first of May, 1907, at Inman's saloon in the city of Helena, Phillips County, Arkansas, a watch of the value of twenty-five dollars was stolen from William Willman; that the watch was stolen by a negro woman named Willie Reeves; that afterwards the watch was found in the possession of R. S. Gray, a negro barber, who testified that it had been delivered to him by Andrew Thomas, the defendant, to be kept until called for; that the watch had been given to him by Thomas about the last of April or the first of May, 1907; that Thomas told him that the watch belonged to a woman; that witness kept the watch four or five months, and then gave it to a deputy sheriff.

Defendant was convicted, and his punishment fixed at one year in the penitentiary. He has appealed.

*W. G. Dinning*, for appellant.

The court's instruction on the question of possession of recently stolen property was erroneous. The facts did not war-

rant the court in charging as a matter of law that the property in this case was recently stolen. It was a question of fact for the jury.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

The instruction is badly worded, and open to the objection that it is an expression of the court upon the weight of the evidence, as in the Duckworth case, 83 Ark. 192; but appellant has failed to properly save his exception in the motion for new trial, and the instruction is not subject to review. 73 Ark. 455; 75 Ark. 534; 77 Ark. 418.

HART, J., (after stating the facts.) Appellant contends that the court erred in giving the following instruction to the jury: "The possession of property recently stolen, unexplained, or received that has been recently stolen, would be sufficient under this indictment to sustain a conviction, coupled with the fact that the property had been stolen and that the defendant knew that the property was stolen." This instruction is erroneous because it was an expression of opinion by the trial judge as to the weight of the evidence. The objection to instructions of this kind is very clearly stated in the case of *Duckworth* v. *State,* 83 Ark. at page 195, where the court said: "The court has no right to point out what inferences may or should be drawn from particular facts in proof. Section 23 of article 7 of the Constitution expressly declared that judges shall not charge juries with regard to matters of fact. All the court had a right to say to the jury in regard to the facts mentioned was that they might consider the evidence adduced to prove them in connection with the other evidence introduced, and if, upon such consideration, they believed that the defendant was guilty beyond a reasonable doubt, they should convict."

The State urges that the exception to this instruction was not properly saved. The record shows that this instruction was objected to at the time it was given, and that it was the only instruction to which objection was made. The fifth assignment of error in the motion for a new trial reads: "The court erred in instructing the jury, over the protest of the defendant, that the unexplained possession of property recently

stolen by another was of itself sufficient to warrant a verdict of guilty of receiving stolen property." The record shows that the instruction complained of was the only instruction asked or given on that point, and we think the assignment of error is sufficiently definite.

Reversed and remanded.