### MITCHELL *v.* STATE.

#### Opinion delivered October 2, 1916.

1. INSTRUCTIONS—WEIGHT OF CERTAIN EVIDENCE.—Instructions given by the trial court, pointing out certain evidence and telling the jury that such evidence is sufficient to convict, are instructions upon the weight of the evidence and are inhibited by the constitution.

2. LARCENY—UNEXPLAINED POSSESSION OF CERTAIN PROPERTY.— Although the unexplained possession of recently stolen property constitutes evidence sufficient to warrant a conviction of larceny, an instruction that such evidence is sufficient to sustain a conviction is erroneous. (See *Sons* v. *State,* 116 Ark. 357.)

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*M. E. Sanderson* for appellant.

1. The court erred in giving that part of its oral instruction as follows: "Possession of recently stolen property is evidence of guilt," etc. This was an expression of opinion by the court as to the weight of evidence and is forbidden by our constitution. 81 Ark. 189; 83 *Id.* 195; 55 Ark. 244; 34 *Id.* 443; 44 *Id.* 39; 85 Ark. 138.

2.   There was no evidence that defendant, at any time, had any of the stolen property in his possession.

3.   Other errors are pointed out in the court's charge and in the admission of testimony, but they are not passed on by the court.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1.   The courts instruction as to stolen property, unexplained was correct.   34 Ark. 445; 79 *Id.* 434; 91 *Id.* 495; 92 *Id.* 590.   But if not, it was defendant's duty to point out defects or errors and tender the court correct instructions.   116 Ark. 265.

2.   There was no error in the admission and exclusion of testimony, nor in the court's instructions, and the evidence is sufficient.

WOOD, J.   Appellant was indicted June 6, 1916, in the Miller circuit court, on a joint charge of burglary and grand larceny for entering the store of R. W. Cocke during the night of April 6, 1916.   He was tried on June 15, and was acquitted of burglary and found guilty of grand larceny, and his punishment assessed at three years in the penitentiary.

The testimony tended to show that on the night alleged Cocke's store was entered and goods of the value of over ten dollars stolen.   The goods consisted of flour, lard, tobacco, etc.   A few days after the store was entered some of the property, which Cocke identified as goods taken from his store, was found in the possession of a negro merchant by the name of John Henderson.   Henderson testified that the flour and lard in his possession alleged to have been taken by Dick Mitchell from Cocke's store were purchased by him from Dick Mitchell.

It is unnecessary to set out and discuss in detail the other evidence that was adduced at the trial.   It suffices to say that there is substantial evidence to sustain the verdict.

Among others, the court gave the following instruction:   "Under the law, gentlemen, possession of recently

stolen property is evidence of guilt, and in this case, if you find from the evidence beyond a reasonable doubt that defendant in this case was found in possession of the property alleged to have been stolen, or any part thereof, and that the same had been recently stolen; and if you further find that the house from which the goods are alleged to have been stolen was broken or entered into in the night time, and that the goods were stolen in the night time, as alleged in the indictment; if you find from the evidence further that defendant was found in possession of any part of these goods, as the court has stated, and that his possession is unexplained to the satisfaction of the jury, then that is evidence upon which you may convict him of the crime of burglary, provided it convinces you of his guilt beyond a reasonable doubt.

"Upon the second count of the indictment, if you find from the evidence that defendant was found in possession of the goods as charged in the indictment, or any part thereof, and that the goods had been recently stolen, and the defendant's possession of said goods has not been explained to the satisfaction of the jury, then that is evidence upon which you may convict him of grand larceny, provided it convinces you of his guilt beyond a reasonable doubt; that is a question for the jury to determine from the evidence."

The defendant excepted to all that part of the Court's instruction which told the jury that possession of goods recently stolen is evidence of guilt of grand larceny. The ruling of the court in refusing to sustain this exception is assigned as error.

The effect of the instruction in the form to which objection was made was to tell the jury that if the defendant was found in the possession of recently stolen property, which was unexplained, that this was evidence sufficient to convict him.

(1-2) Instructions by the court pointing out certain evidence and telling the jury that such evidence is sufficient to convict, are instructions upon the weight of the evidence, and are inhibited by our constitution. Const. sec. 23, Art. 7. Such is the holding of this court in many

recent cases. In *Sons* v. *State*, 116 Ark. 357-8, we said: "We have held in repeated decisions that unexplained possession of property recently stolen constitutes evidence legally sufficient to warrant a conviction of larceny or of the crime of knowingly receiving stolen property, but that an instruction that such evidence is sufficient to sustain a conviction amounts to an instruction on the weight of the evidence and is, for that reason, an invasion of the province of the jury." See also, *Thomas* v. *State*, 85 Ark. 138; *Duckworth* v. *State*, 83 Ark. 192; *Blankenship* v. *State*, 55 Ark. 244.

In *Blankenship* v. *State, supra*, Judge Battle speaking for the court, said: "It is within the exclusive province of the jury to determine, under the instructions of the court as to the law of the case, when the evidence is sufficient to convict. The court had no right to point out what inferences may or should be drawn from particular facts in proof. All the court had a right to say to the jury in regard to the facts mentioned was, they might consider the evidence adduced to prove them in connection with the other evidence introduced, and if upon such consideration they believed that the defendant was guilty beyond a reasonable doubt they should convict."

Many other assignments of error are presented, which we have considered, but the error above pointed out in the instruction is the only reversible error we find in the record. For this error the judgment must be reversed and the cause remanded for a new trial.