510

5031                                           353 S. W. 2d 3

Opinion delivered January 22, 1962.

*W. M. Herndon* and *Floyd Terral,* for appellant.

*Frank Holt,* Attorney General, by *Sam H. Boyce,* Asst. Attorney General, for appellee.

Sam Robinson, Associate Justice.   This is an appeal from a conviction of the crime of unlawfully fondling a child in violation of Ark. Stat. § 41-1128.

The first point on appeal is the contention that the court erred in permitting the defendant to be cross-examined about having been convicted of an assault upon one Virginia Denton. On cross-examination the State's attorney propounded to the defendant the following questions:

"Q. Have you ever been convicted of a crime?

"A. I paid a fine for a simple assault.

"Q. I would like to ask you if on or about September 23rd if you didn't pay a fine for assaulting Virginia ‘Denton?"

Over defendant's objection and exceptions he was required to answer the question, and he answered "Yes."

In support of the argument on this point, appellant cites two cases, but neither is applicable. *Alford* v. *State,* 223 Ark. 330, 266 S. W. 2d 804; *Moore* v. *State,* 227 Ark. 544, 299 S. W. 2d 838. In each of these cases it was held that the court erred in admitting independent testimony introduced by the State to prove similar crimes to those for which the defendants were then on trial.

But in the case at bar that situation does not exist at all. Here the defendant took the stand as a witness in his own behalf. When he did so he became subject to cross-examination the same as any other witness. In *Jutson and Winters* v. *State,* 213 Ark. 193, 209 S. W. 2d 681, in referring to the cross-examination of the defendant the Court quoted from *Ware* v. *State,* 91 Ark. 555, 121 S. W. 927: " 'As a witness in the cause he could have been cross-examined; and upon his cross-examination, like any other witness, he could have been asked as to specific acts for the purpose of discrediting his testimony as a witness.' "

In *Sullivan* v. *State,* 171 Ark. 768, 286 S. W. 939, the Court said: "This court has adopted the rule that witnesses, including the accused, may be impeached on cross-examination by drawing out the fact that they have committed other crimes and immoralities of various kinds" [citing numerous cases]. Not only did the State have the right to ask the defendant on cross-examination about an assault made on another person but had the right to ask him about the particular person assaulted. The defendant could be guilty of more moral turpitude in making an assault upon a female than for assaulting

a big strong man. Of course, if he had cared to do so, appellant would have been permitted to make a full explanation of the assault.

The appellant next argues that the trial court erred in giving instruction No. 6 requested by the State. The instruction is as follows: "You are instructed that no corroboration of the testimony offered by the prosecuting witness is necessary, but that the testimony of Marlene Bailey alone, if believed by the jury, and if it convinces the jury beyond a reasonable doubt of the defendant's guilt, it is sufficient to sustain a conviction."

Article 7, § 23 of the Constitution of Arkansas provides: "Judges shall not charge juries with regard to matters of fact, but shall declare the law. . . ."

In *Mitchell* v. *State,* 125 Ark. 260, 188 S. W. 805, the Court said: "Instructions by the court pointing out certain evidence and telling the jury that such evidence is sufficient to convict are instructions upon the weight of the evidence and are inhibited by our Constitution. Const., Art. 7, § 23."

No Arkansas case has been called to our attention approving an instruction such as instruction No. 6 given in the case at bar. Some courts in other jurisdictions, however, have approved similar instructions given in rape cases. We might add that if the instruction is proper in a rape case, it would be proper in the case at bar, because in neither case does the prosecutrix have to be corroborated and in many instances the testimony of the prosecutrix would be the only evidence available. In *State* v. *Richardson,* 154 P. 2d 224, the court pointed out that in a rape case the defendant could be convicted on the uncorroborated testimony of the prosecutrix and this was all the court told the jury along that line. But the court points out that the instruction did not tell the jury that the prosecutrix's testimony alone was sufficient to convict. Here the court did tell the jury by instruction No. 6 that the prosecutrix's testimony alone was sufficient to sustain a conviction. A similar instruction was also given in *People* v. *McMillan,* 212 P. 38. The court

did not discuss the point other than to emphasize that no corroboration of the prosecutrix was needed. The instruction was also approved in *People* v. *Liggett,* 123 P. 225; *State* v. *Patchett,* 79 P. 479; and *State* v. *Orth,* 165 P. 652. On the other hand, several courts have disapproved the instruction.

In *State* v. *Schilnsky,* 143 S. E. 307, the judgment of conviction was reversed because of the giving of the instruction. The court said that "while this may be an abstract statement of the law, it is incomplete as an instruction to the jury." In *Laycock* v. *People,* 182 P. 880, the judgment was reversed because of the giving of the instruction.

It appears that the giving of an instruction telling the jury that the testimony of the prosecutrix alone is sufficient to convict grew out of the practice of giving a cautionary instruction where there was no evidence to prove the defendant's guilt except the testimony of one witness, usually the alleged victim in a rape case, such as an instruction that "the charge of rape against a person is easy to make, difficult to prove, and more difficult to disprove" and cautioning the jury on that account to compare and weigh all of the testimony carefully and deliberately without bias.

This Court said in *Shank* v. *State,* 189 Ark. 243, 72 S. W. 2d 519: "The credibility of particular witnesses and the weight to be given their testimony should not be emphasized in separate instructions." An instruction of that kind coming from the court places undue emphasis on such testimony and amounts to a charge to the jury with regard to a matter of fact in violation of Article 7, § 23 of the Constitution.

The weight of the evidence is a matter to be argued by counsel and the weakness or strength of a party's case should not be called to the jury's attention by an instruction from the court. We conclude, therefore, that the giving of instruction No. 6 on behalf of the State was an error for which the cause must be reversed and remanded. It is so ordered.