STEWART *v.* STATE

5170                                        402 S. W. 2d 116

Opinion delivered April 25, 1966

[Rehearing denied May 24, 1966.]

*Walter J. Hebert* and *Curtis L. Ridgway, Jr.,* for appellant.

*Bruce Bennett,* Attorney General; *Farrell Faubus,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice. Freeman Stewart, appellant herein, was charged with unlawfully possessing intoxicating liquors or beverages for sale in a dry county, the Information alleging Stewart to be a third offender, and therefore, guilty of a felony.[1] On trial,

---

[1]Ark. Stat. Ann. §48-811.1 (Repl. 1964) provides as follows: "Hereafter it shall be unlawful for any person, firm or corporation to sell or barter or possess for purposes of sale or barter any intoxicating liquor or beverage in any county, township, municipality, ward or precinct in which the sale or barter of intoxicating liquor and/or beverage is or shall be prohibited by law. Any person, or officers of any firm or corporation who shall do

the jury found Stewart guilty, and fixed his punishment at imprisonment in the State Penitentiary for five years.[2] From the judgment so entered, appellant brings this appeal.

It is first asserted that the court erred in permitting introduction of evidence of Stewart's reputation for engaging in illicit trade in intoxicating liquors. This evidence was offered under the provisions of Ark. Stat. Ann. § 48-940 (Repl. 1964), which reads as follows:

"In any prosecution or proceeding for any violation of this Act, the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants."

Appellant contends that this act is unconstitutional. We held contrary to this contention in *Richardson* v. *State,* 211 Ark. 1019, 204 S. W. 2d 477.

It was stipulated by the prosecuting attorney and counsel for appellant (after the state had concluded its testimony) that Stewart had been convicted of selling intoxicating liquors or beverages, or having intoxicating liquors or beverages in his possession for the purpose of sale, on at least two occasions prior to the filing of the instant charge. When Stewart took the stand to testify, he was asked on cross-examination about previous convictions. Appellant contends that this was prejudi-

---

so shall upon first conviction be deemed guilty of a misdemeanor and shall be fined not less than $100.00 nor more than $1,000.00; and any such person or officers of a firm or corporation for a second conviction shall be fined not less than $200.00 nor more than $2,000.00; and for any subsequent conviction such person or officers of a firm or corporation shall be deemed guilty of a felony and shall be sentenced to not less than one (1) nor more than five (5) years in the state penitentiary.* * *"

[2]The evidence reflected that Stewart was in possession of a partial case of Jax Beer (eighteen 12-ounce bottles), and a full case of Pabst Blue Ribbon Beer (twenty-four 12-ounce bottles).

cial error, since he had already, by stipulation, admitted two previous convictions. The court clearly pointed out, at the time this evidence was being given, that the jury could only consider the testimony as it "may reflect upon the credibility of this witness." Even if error had been committed, appellant is not in a position to complain. At the conclusion of all the evidence, appellant requested the following instruction:

> "You are instructed that you will not consider the evidence in this case of previous convictions of defendant Stewart in determining his guilt or innocence of the charge on which he is now being tried; that such evidence has been admitted only and solely for the purpose of imposing a heavier penalty, as provided by statute, in the event all the other evidence in the case convinces you beyond a reasonable doubt of defendant's guilt, and the only other purpose for which it was admitted was as it may reflect on the credibility of the defendant as a witness in his own behalf."

In compliance with appellant's request, the instruction was given. Actually, that portion of the instruction, which told the jury that the evidence (either that introduced by stipulation or by cross-examination) could be considered for the purpose of imposing a heavier penalty, was erroneous under our holding in *Miller* v. *State,* 239 Ark. 836, 394 S. W. 2d 601.[3] Under the procedure there outlined, the jury would not have been told of these previous convictions, which appellant admitted by stipulation, and the court, in instructing the jury as to the punishment (if appellant were found guilty of the current charge), would simply have given the penalty that is provided for a third offense. However, since appellant requested the quoted instruction, this error was waived.

Though, under *Miller,* the state is precluded from offering evidence of prior convictions in its case in chief,

---

[3] *Miller* was decided after the instant case was tried.

there is nothing under that holding which precludes the state from asking a defendant, *who takes the stand,* about previous convictions. This is still admissible as a matter of reflecting on the credibility of a defendant as a witness in his own behalf.[4]

Though not argued strenuously, and not listed as a point for reversal, appellant mentions that the evidence was insufficient to sustain a conviction. Without detailing the proof, it is enough to state that the evidence was ample to sustain the verdict rendered.

Affirmed.

AMSLER, J., not participating.

[4]This is true, unless there is a statutory prohibition. For instance, see Ark. Stat. Ann § 75-1012 (Repl. 1957).