JOHNNY EDINGTON *v.* STATE OF ARKANSAS

5258                              418 S. W. 2d 637

Opinion delivered September 11, 1967
[Rehearing denied October 16, 1967.]

*Paul K. Roberts,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Johnny Edington was adjudged guilty of voluntary manslaughter. The first of two points advanced for reversal is that the court should have held appellant Edington's "confession" inadmissible. The facts incident to this contention are brief.

Theodias Jimmy Turner died as a result of a knife wound received at the home of Gracie Broughton. Mrs. Broughton was taken to the police station in Fordyce for questioning. She disclosed that Edington was the only adult in the room with Turner at the time of the

stabbing. An officer immediately located Edington at home and in bed. Edington was not then aware the knife wound had proved fatal to Turner. When the officer and Edington walked into the room in City Hall, Mrs. Broughton advised Edington of Turner's death and asked why he stabbed Turner. Edington responded that "he loved her" and was jealous of Turner. The officers did not instigate the conversation nor did they make any effort to stop it. They recounted the conversation in an in-chambers hearing. There the court held the conversation to be admissible.

Appellant argues that the recited testimony of the officers should have been excluded under *Escobedo* v. *Illinois,* 378 U. S. 478 (1964) and *Miranda* v. *Arizona,* 384 U. S. 436 (1966). He insists that these decisions require the warnings in *Miranda* to be given at the moment a suspect is first taken into custody. This is not required in every instance of arrest or detention. The officer who went after Edington was merely instructed to bring him to headquarters. The officer did not interrogate Edington and consequently had no reason to give Edington the *Miranda* warnings. Nor is this a situation where officers set up a conversation between the suspect and another in order to obtain an admission of guilt. The trial court heard evidence of a spontaneous admission by the suspect to his friend, Mrs. Broughton. The trial court correctly admitted the evidence. See *Turney* v. *State,* 239 Ark. 851, 395 S. W. 2d 1 (1965).

Secondly, appellant urges that the eyewitness testimony of Mrs. Broughton's eleven-year-old son constituted reversible error. The boy was in the fourth grade and had never failed in school. He attended Sunday School and named his teacher. He was questioned about the effect of an oath. His account of the incident of the stabbing was coherent. Rigid cross-examination failed to disturb him. The trial court, in its discretion, concluded that the boy met the oft-recited tests of understanding the obligations of an oath and had the ability to receive

and transmit accurate impressions of the events. *Batchelor* v. *State,* 217 Ark. 340, 230 S. W. 2d 23 (1950).

Affirmed.