L. V. HAIRE v. STATE OF ARKANSAS

5337                                          432 S.W. 2d 828

Opinion Delivered October 7, 1968
[Rehearing denied November 11, 1968.]

*Terral, Rawlings, Matthews & Purtle* for appellant. By *Henry J. Osterlob*.

*Joe Purcell,* Atty. Gen. and *Larry W. Chandler,* Asst. Atty. Gen. for appellee.

GEORGE ROSE SMITH, Justice. The appellant, charged with the first-degree murder of Freddie Lee Jackson, age 16, was found guilty of second-degree murder and was sentenced to imprisonment for 21 years. The sufficiency of the proof is not questioned, but several other points for reversal are argued.

Rosalie Jackson, Freddie Lee's mother, testified that a girl came by the Jackson home at College Station late in the afternoon on May 5, 1967, knocked on the door, and asked to see Freddie Lee. After a short conversation the boy and girl left the house and walked down the road. That was the last time Mrs. Jackson saw her son alive. When Freddie Lee did not come home that night she called the sheriff's office to report that he was missing.

A search was instituted. Arthur Lewis, a deputy sheriff, testified that he and another officer drove to College Station on the afternoon of May 7, Acting on information they sought out the appellant, L. V. Haire, and his wife, Norma Jean, whom Mrs. Jackson identified as the girl who had come by for Freddie Lee. At the officers' request L. V. and Norma Jean accompanied them to the sheriff's headquarters for questioning, but neither of the Haires had then been placed under arrest.

At headquarters additional information led the officers to put L. V. under arrest, on suspicion, and to begin a search for Freddie Lee's body in certain wheat fields near the Sweet Home community. In the course of that search the Haires were brought to the scene. In answer to an inquiry Norma Jean said that the body was to the right of the road, but L. V. spoke up and said, "No, Honey, on the left." In similar fashion Norma Jean said the gun was under the bed, but L. V. said, "No, it's up in the fireplace." The body was found

on the left, as L. V. had said. The officers obtained a search warrant and found the pistol in the chimney at the Haires' house. Six bullets taken from Freddie Lee's body were shown by a ballistics expert to have been fired from that pistol. There was other testimony connecting L. V. Haire with the crime, including proof that he had warned Freddie Lee to stay away from Norma Jean and that he had threatened to kill Freddie Lee.

Counsel insist that the court erred in admitting Haire's statements about the location of the body and of the pistol, for the reason that he had not then been given a Miranda warning. As we read the record, both statements were made voluntarily and spontaneously— not in response to any interrogation of Haire by the officers. The statements were therefore admissible. *Edington* v. *State*, 243 Ark. 10, 418 S.W. 2d 637 (1967).

It is contended that the pistol and several articles of clothing were inadmissible, for the reason that they were obtained by the officers without a search warrant. The only testimony on the point is Officer Lewis' uncontradicted statement that the officers "got a search warrant and went to the house with it." There was no motion before the trial to suppress the testimony. In fact, there was no proper objection even when the articles were received in evidence. All the record shows is that when the State offered the articles one by one, the trial judge, without any objection having been made, announced a ruling to this effect in each instance: "Let it be introduced over the defendant's objections and exceptions." Thus the record contains neither a specific objection nor a showing that the exhibits were seized without a warrant.

This appeal is from a second trial, the first one having ended in a mistrial. At the first trial the jury were unable to reach a verdict. It is now insisted that the court below erred in permitting the State to introduce the testimony given by the witness Freddie Jean Porter at the

former trial. We find no error. There was proof that three officers attempted to find the witness during the week preceding the second trial, but they were unable to do so, it being their information that she had left the city and that her whereabouts were unknown. No abuse of the court's discretion in the matter appears. *Mode* v. *State,* 234 Ark. 46, 350 S.W. 2d 675 (1961).

With respect to the burden of proof on the issue of justifiable homicide, the court gave the usual instruction in the language of the statute, Ark. Stat. Ann. § 41-2246 (Repl. 1964), with the customary proviso that upon the whole case the burden is on the State to prove the accused's guilt beyond a reasonable doubt. That instruction has been approved in many cases. See *Ellis* v. *State,* 234 Ark. 1072, 356 S.W. 2d 426 (1962); *Brown* v. *State,* 231 Ark. 363, 329 S.W. 2d 521 (1959). Other points are argued, but we find each one either to be unsupported by the proof or not to have been brought forward in the motion for a new trial. Thus no reversible error is shown.

Affirmed.