BOBBY GENE BALLEW ET AL v. STATE OF ARKANSAS

5-5411            441 S.W. 2d 453

Opinion Delivered June 2, 1969

*Marvin L. Kieffer* for appellants.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen.; *Mike Wilson,* Asst. Atty. Gen. for appellee.

FRANK HOLT, Justice. The appellants, who are brothers, were jointly charged by information with the offense of assault with intent to kill. A jury found them guilty and assessed the punishment of Bobby Gene Ballew at fifteen years and Rodger Huey Ballew at twelve years imprisonment in the state penitentiary. From the judgments on these verdicts comes this appeal.

For reversal, the appellants, through court appointed counsel, contend that the evidence is insufficient to support the verdicts. On appeal we must review the evidence in the light most favorable to the appellee and if there is any substantial evidence to support these verdicts then the verdicts must be sustained. *Finley* v. *State,* 233 Ark. 232, 343 S.W. 2d 787 (1961).

The appellant, Bobby Ballew, had been "dating" Omega Wallace Coots, the prosecutrix, for about a year. Eventually, Mrs. Coots informed him that she desired to return to her children's father from whom she was divorced. The appellant threatened, on several occasions, to kill her, if this should happen. The night before the alleged assault, she and this appellant argued most of the night at her house about her intention to return to her former husband. Bobby Ballew again repeated his threat to kill her. About noon the following day he left her house. Both appellants had spent the night there.

About 2:00 A.M. the next day both appellants appeared at a friend's house and borrowed his shotgun and some shells with the explanation that they were going to use it to go rabbit hunting. They were given several shells. Among the shells were some old ones and one containing a deer slug. They were told that the latter would fire since it was a new shell. They knew that Mrs. Coots was not at her residence and was spending

the night at her father's. Appellants parked their car about three blocks from the father's house. They took the gun and walked this distance to his house where Rodger Ballew knocked on the door and called Mrs. Coots to the door telling her that his brother wanted to talk to her. Bobby Ballew then asked the prosecutrix if she was going back to her former husband. When she replied affirmatively, Bobby Ballew told his brother, Rodger Ballew, "Go back of the house and make damn sure nobody comes around front where I'm at." Rodger Ballew complied. Mrs. Coots went back in the house and closed the door. The appellant, Bobby Ballew, shot through the door. Mrs. Coots' father found her lying on the floor suffering from a wound from the deer slug that penetrated her side and stomach. Bobby Ballew heard what appeared to be "her scream."

The appellants fled the scene and went to a relative's residence, got some breakfast, and prevailed upon the relative to take them to a nearby river boat landing. They were apprehended later in the day in this vicinity.

In *Nunley* v. *State,* 223 Ark. 838, 270 S.W. 2d 904 (1954), we find the applicable rule of law governing the sufficiency of the evidence in this case. There it is said:

"While the intent to kill cannot be implied as a matter of law, it may be inferred from facts and circumstances of the assault, such as the use of a deadly weapon in a manner indicating an intention to kill, or an act of violence which ordinarily would be calculated to produce death, or great bodily harm. In determining whether or not the intent to kill should be inferred, the trier of the facts may properly consider the character of the weapon employed and the way it was used, the manner of the assault and the violence attendant thereon; the nature, extent and location on the body of the wound inflicted, if any; the state of feeling existing between the

> parties at and interior to the difficulty; statements of the defendant, if any; and all other facts and circumstances tending to reveal defendant's state of mind. [Citing cases.] It is not essential that the intent should have existed for any particular length of time before the assault, as it may be conceived in a moment.' "

To the same effect see *Murry* v. *State,* 209 Ark. 1062, 194 S.W. 2d 182 (1946).

The distinction between an accessory and a principal is now abolished and an accessory is equally as guilty of a crime as is his principal. Ark. Stat. Ann. § 41-118 (Repl. 1964); *Rush* v. *State,* 239 Ark. 878, 395 S.W. 2d 3 (1965).

In the case at bar we are of the view that there is ample evidence of a substantial nature to support both verdicts rendered by the jury. It follows that the court correctly refused to direct a verdict of not guilty requested by the appellant, Rodger Ballew, and properly denied the motion of both appellants for a new trial based upon insufficiency of the evidence.

For reversal it is further urged that the trial court erred in denying the motion to suppress the introduction of the shotgun as evidence. We cannot agree. When the officers discovered the appellants they were ordered to stop running and walk toward the officers from a distance of approximately 500 feet, with their hands raised. It was necessary for the appellants to wade a shallow "seep ditch" at a levee. At times the weeds and brush were of such a height that the appellants were partially obscured. When the appellants were approaching the officers one of them stooped down. They were asked the whereabouts of the shotgun. The officers were told that it was nearby in a "hollow log." It was found there contemporaneous with the arrest. It is argued that this procedure is in violation of *Miranda* v. *Arizona,*

384 U.S. 436 (1966), which requires that the accused must be warned of his constitutional rights against self-incrimination before any interrogation is begun. In other words, it is insisted that a *Miranda warning* should have preceded the inquiry.

We have recently held that a *Miranda* warning is not required to be given in every instance the moment a suspect is taken into custody. *Edington* v. *State,* 243 Ark. 10, 418 S.W. 2d 637 (1967); *Haire* v. *State,* 245 Ark. 293, 432 S.W. 2d 828 (1968). In those cases we held that a spontaneous statement was admissible. In the case at bar, we think the statement that the shotgun was in a "hollow log" was in the nature of a spontaneous admission. We do not agree that *Miranda* can be construed or is intended as being applicable in these circumstances.

Further, in the case at bar the officers, based upon probable cause, were effecting the legal arrest of the appellants who were fleeing from the scene of an alleged crime which had recently been committed by the use of a shotgun. In the circumstances it must be said that officers had a right to inquire of the presence or whereabouts of the weapon for their own safety as well as to prevent escape and the destruction of evidence as being incidental to a lawful arrest.

We find no merit in appellants' contention that there was an infringement of any constitutional right by the shotgun being thus discovered and used as evidence in the case at bar.

It is asserted that the court erred in denying appellant Bobby Ballew's motion to suppress his confession. The appellants both testified that they were wet, cold, hungry, and sick; that the police told them it would go easier on them if they made a statement; that they were interrogated and signed a waiver of rights and confessions in a police dominated atmosphere, all of which

rendered their statements coerced and involuntary. There was evidence contradicting these assertions. Evidence was adduced by the state that the *Miranda* warning was given and that appellant, Bobby Ballew, signed a "waiver of rights" before he was questioned and thereafter voluntarily signed the questioned confession. The trial court, in a *Denno* procedure in chambers, found that appellant, Bobby Ballew, was thirty-one years old and had made a voluntary statement with the knowledge and intelligence to understand the *Miranda* warning with reference to his constitutional rights. From our independent review of the record, we think the trial court's ruling is sustained by the evidence. *Harris* v. *State*, 244 Ark. 314, 425 S.W. 2d 293 (1968); *Mosley* v. *State*, 246 Ark. 358, 438 S.W. 2d 311 (1969). Therefore, we find no merit in this contention.

It is next contended that the trial court erred in denying appellant Rodger Ballew's motion for a severance. In his motion he asserted that he was only sixteen years of age and that a joint trial would be prejudicial to him because of his confession which contained inadmissible references to himself as well as cross-implicating references to his codefendant. The trial court ruled his statement inadmissible in the *Denno* proceeding. The motion for severance was denied. It is within the discretion of the trial court to permit a severance or a separate trial when defendants are jointly charged with a felony less than a capital offense. Ark. Stat. Ann. § 43-1802 (Repl. 1964). We do not disturb the refusal of a severance unless there was an abuse of discretion. *Finley* v. *State, supra*. We find no abuse of discretion in the case at bar.

It is further asserted that the trial court erroneously refused appellant Bobby Ballew's motion to discharge appellant, Rodger Ballew, as a defendant in the case under the provisions of Ark. Stat. Ann. § 43-2118 (Repl. 1964). This motion seeks dismissal of the charges against his codefendant on the basis that his codefendant

took no part in the alleged crime and that his codefendant was needed by him as a witness. In support of the motion is the affidavit of the appellant, Rodger Ballew, that he, in effect, was not guilty of the crime with which he was charged and that his codefendant desired him as a witness. Suffice it to say that this statute provides that if "the court is of [the] opinion that the evidence in regard to a particular individual is not sufficient to put him on his defense," then the trial court is authorized to grant appellant's motion to discharge his codefendant in order that he could be a defense witness. Trial courts must have much latitude and discretion in conducting the trial of a cause and we do not interfere unless there is a clear abuse of discretion. *Pixley* v. *State*, 203 Ark. 42, 155 S.W. 2d (1941). Certainly it cannot be said that the trial court abused its discretionary authority in view of the evidence adduced by the State.

The appellants argue that it was error for the trial court to permit, over appellants' objection, medical testimony relative to and photographs of the wound on the victim's body. The doctor testified about the nature and extent of the wound and identified the accuracy of the photographs portraying the same. His testimony and the accompanying photographs were proper to show the corpus delicti and to corroborate the testimony. *Stewart* v. *State*, 233 Ark. 458, 345 S.W. 2d 472 (1961). Photographs are admissible when they fairly represent the objects portrayed and aid the witness in his testimony and the jury in understanding the evidence. *Harris* v. *State*, 239 Ark. 771, 394 S.W. 2d 135 (1965). In the case at bar the medical testimony and the photographs were properly admissible in evidence.

It is urged for reversal that it was error for the court to permit evidence of appellant Rodger Ballew's "prior juvenile convictions." The appellant took the witness stand in his own behalf. He was asked when he was last convicted of any crime. In overruling appellant's objection, the court told the jury that if answered

in the affirmative it must be considered only as affecting the credibility of appellant as a witness. This admonition was proper. Ark. Stat. Ann. § 28-605 (Repl. 1962); *Stewart* v. *State,* 240 Ark. 701, 402 S.W. 2d 116 (1966). The appellant answered that three or four years ago he had stolen a truck and burglarized a cafe. An objection was again overruled. The disposition of those acts was not elicited. We have often held that the general rule is that a defendant, on cross-examination, can be asked about specific acts of misconduct for the purpose of discrediting his testimony, subject to the right of the witness to make an explanation in justification. *Wright* v. *State,* 243 Ark. 221, 419 S.W. 2d 320 (1967); *Sullivan* v. *State,* 171 Ark. 768, 286 S.W. 939 (1926); *Trotter* v. *State,* 215 Ark. 121, 219 S.W. 2d 636 (1949); and *Skaggs* v. *State,* 234 Ark. 510, 353 S.W. 2d 3 (1962). These inquiries and the responses given were permissible when considered within the limitation placed upon the testimony by the court.

In answer to a further inquiry the appellant stated that he had been sent to the Arkansas Boys' Industrial School by his mother. Ark. Stat. Ann. § 45-205 (Repl. 1964) provides that the disposition of a juvenile case in a juvenile court proceeding cannot be used as evidence against the juvenile for any purpose in any other court. We cannot determine from the record whether the appellant was sent to the Industrial School from the circuit court pursuant to Ark. Stat. Ann. § 46-306 (Repl. 1964), or the juvenile court. Further, since no objection was made to this latter inquiry, we cannot consider appellant's contention. *Randall* v. *State,* 239 Ark. 312, 389 S.W. 2d 229 (1965).

The appellants finally argue that the punishment as to each appellant is excessive. We hold, as in other cases, that since there was substantial evidence to support the verdicts which were within the limits prescribed by law [1-21 years, Ark. Stat. Ann. § 41-606 (Repl. 1964)], the jury had the right and the authority to as-

1200

sess those penalities.

Affirmed.

FOGLEMAN, J., not participating.