DANNY REYNOLDS *v.* STATE OF ARKANSAS

CR 73-48                                        497 S.W. 2d 275

Opinion delivered July 23, 1973

*Sam Sexton,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. On September 5, 1972, Danny Reynolds was found guilty of manslaughter of Willie Highfill on January 7, 1972. He was sentenced to two years in the penitentiary on the basis of the jury's fixing that term when it found him guilty of voluntary manslaughter on a trial on a charge of first degree murder. We find reversible error in the circuit judge's failure to exclude a witness, Paul Highfill, from the courtroom during the trial.

Paul Highfill was a brother of the victim, and was present at the time and place where Willie Highfill was mortally wounded. He was a participant in what seems to have been a running quarrel between Reynolds and his companions and three Highfill brothers. As a matter of fact, the conflict appeared to have had its inception in an encounter climaxed by fisticuffs between appellant and Paul Highfill. He had given a statement about the occurrence to Lt. Troy Dale Oliver, the investigating state police officer. He was subpoenaed as a witness both by the state and the defendant. The rule for sequestration of witnesses was invoked by appellant. Paul Highfill had been sworn as a witness. The prosecution asked that all the Highfill boys be permitted to sit at the counsel table, but the trial judge asked whether this one would be a witness. Upon being told that he would, the judge

then inquired whether the prosecuting attorney felt like he needed the assistance of a member of the victim's family, and was told that the state would be prejudiced without the assistance of the party "who followed this throughout." The court then granted permission for this one member of the family to sit with the prosecuting attorney, over appellant's continued objection to relaxation of the rule. It appears that this witness was in the courtroom throughout the trial. He was not called as a witness by the state, but was called by appellant. He first admitted having made a statement to the state police officer on the day after the shooting, which effectually absolved appellant and incriminated someone else as the one who fired the shot which proved fatal to his brother. After cross-examination, he expressed doubt about having made the statement, and stated that, in any event, he did not feel the same way when he was testifying.

Arkansas Statutes Annotated § 43-2021 (Repl. 1964) states the rule in mandatory language. Not only does it require that *any* witness be excluded at the request of an accused or his attorney, but it states that the purpose of the exclusion is that the excluded witness may not hear the testimony of other witnesses. Only recently, we recognized that the legislature had intended by Act 243 of 1955 to eliminate the discretion theretofore vested in the trial court in criminal cases. *Vaughn* v. *State*, 252 Ark. 505, 479 S.W. 2d 873. True it is, we recognized that there were cases in which a denial of the request might not be prejudicial. But, we must presume that error is prejudicial unless its absence is shown or is manifest from the record. *Osborne* v. *State*, 237 Ark. 7, 170; 371 S.W. 2d 518. The only contention advanced by the state in arguing that the error was not prejudicial is that any error was cured by the state's failure to call the witness. We cannot follow this argument. Even though the trial judge refused to consider Paul Highfill as a hostile witness when called by the defendant, he had been involved in combat with the appellant on the evening his brother was killed, his presence in the courtroom to assist the prosecuting attorney was certainly indicative of hostility toward appellant's defense, his testimony was certainly not as advantageous to the accused as might have been anticipated from the statement he had made to the police and his vacillation

on the giving of that statement came after he had heard every witness called by the state and many of those called by the defense. His antagonism toward appellant on the evening his brother was killed seems to have been a factor in bringing on the fatal encounter. We cannot say with any assurance that this error was not prejudicial and all appearances are that it was.

While this is the only reversible error we find, we will comment on those matters asserted as error by appellant which may possibly arise on a new trial. One of these involves a proposed jury instruction offered by appellant relating to the required corroboration of the testimony of an accomplice. The circuit judge gave an apparently correct instruction submitting the question whether Franklin Dale Reed and Albert Reed, companions of appellant on the night of the fatal shooting, who testified at the behest of the state, were his accomplices in the alleged crime. The instruction offered by appellant would have declared these two witnesses to be accomplices as a matter of law. Detailing the testimony would serve no useful purpose. Suffice it to say that there was substantial, but not conclusive, evidence to show that these two brothers were accomplices. Other testimony would justify a finding that they were peacemakers, or were at least trying to dissuade appellant from carrying out an intention to kill one or more of the Highfills. There was no error in refusing the instruction offered. Appellant argues, however, that the instruction given did not advise the jury that evidence required to corroborate the testimony of an accomplice must be independent of the evidence given by the accomplice. Although the instruction given required corroboration by "other evidence" tending to connect the defendant with the crime and followed the language of Ark. Stat. Ann. § 43-2116 (Repl. 1964), we think the specific statement that the "other evidence" be independent of that given by the accomplice not only would be correct, but would tell the jury with much more desirable clarity just what our law requires in this respect. Appellant did make an appropriate objection pointing out his contention as to the deficiency in the court's instruction in this respect.

Appellant also argues that he did not receive a fair trial. His principal argument on this ground is that pre-

trial statements made by Gary and Paul Highfill should have been admitted into evidence, not to impeach their testimony, but as direct, affirmative, substantive evidence. Appellant cited no authority for this argument and this seems contrary to our law. Prior statements, inconsistent with the testimony of a witness, are admissible for impeachment purposes only. *Eddington* v. *State,* 225 Ark. 929, 286 S.W. 2d 473; *Comer* v. *State,* 222 Ark. 156, 257 S.W. 2d 564.

We find no merit in appellant's contention that testimony relating his spontaneous, unsolicited statement, "Get me a lawyer. I'm in real trouble," addressed to his mother at the time of his arrest, was inadmissible because he was given no warning or explanation of his rights. See *Haire* v. *State,* 245 Ark. 293, 432 S.W. 2d 828; *Bivens* v. *State,* 242 Ark. 362, 413 S.W. 2d 653. Furthermore, we find no prejudicial error in the introduction of a rifle into evidence over the appellant's. objection.

For the reason indicated, the judgment is reversed and the cause remanded for a new trial.