On a trial on an indictment charging murder in the first degree, a jury found appellant guilty of murder in the second degree and fixed his punishment at imprisonment for forty-five years. He was sentenced accordingly.
The only issue presented on appeal is as to the admissibility in evidence of testimony of Officer Allmon F. Kendrick that, upon his arrival at the home of appellant and his entry into the room in which appellant was sitting and where the alleged crime took place, appellant made the statement, "I'm the one that did it." A correct summary of the record on the point is contained in appellant's brief as follows:
 "Upon arrival at the scene, Allmon F. Kendrick observed the defendant, Dodie Espy, sitting in the room where the alleged crime took place (Tr. p. 100). The ambulance attendant, John Kinzer, pointed Mr. Espy out as the suspect. Officer Kendrick, at that time, admitted that he suspected the defendant committed the murder in this case (Tr. p. 102). Officer Kendrick did not advise the defendant of his Miranda rights (Tr. p. 102). The defendant made the statement, `I'm the one that did it.' (Tr. p. 103)."
Officer Kendrick further testified:
"Q Then what did you do next?
 "A I told him not to say any more until he was advised of his rights.
 "Q In other words, immediately after he said that you told him not to say anything more until he was advised of his rights?
"A Yes sir.
"Q And did he say anything else after this?
"A Not to me.
"Q Not to you?
"A No.
"Q After that time, who arrived?
"A Sergeant Norman and Detective Petty.
"Q And they carried on the investigation from there?
"A Yes."
Appellant insists that the admission in evidence of the quoted statement of appellant is inhibited by the principles set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). We do not agree.
Miranda does not apply to spontaneous statements volunteered by one thereafter accused, even though made to an officer, before the officer has had time to advise him of his rights as set forth in Miranda.
 "It appears quite clear that a spontaneous statement, blurted out by the accused and volunteered to the police prior to any questioning, is admissible against him even though he was not given his Miranda
warnings." Gamble, McElroy's Alabama Evidence, § 201.02 (1977), citing Gilpin v. United States, 415 F.2d 638 (5 Cir. 1969); Edington v. State, *Page 358 243 Ark. 10, 418 S.W.2d 637 (1961); Tate v. State, 219 Tenn. 698, 413 S.W.2d 366 (1967).
Archie Jones testified that he and the victim, Ralph Williams, went to the residence of defendant to purchase some alcoholic beverages. After arriving at defendant's apartment and after purchasing some alcoholic beverages, defendant told Archie Jones and Ralph Williams that they were going to have to be quiet, not to be so loud. Defendant then left the room and came back with a .22 pistol and shot Ralph Williams in the chest. Ralph Williams died immediately. There was ample evidence to support the verdict of the jury.
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.