**UNITED STATES, Appellee,**

v.

**Sergeant Thomas H. CROOM, 195–46–3246, United States Army, Appellant.**

**CM 447007.**

U.S. Army Court of Military Review.

31 Jan. 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Craig E. Teller, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before O'ROARK, YAWN, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

O'ROARK, Chief Judge:

Appellant was tried by a general court-martial composed of officer members. Pursuant to his pleas, he was convicted of resisting apprehension in violation of Article 95, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 895 (1982). He was also convicted, contrary to his pleas and by exceptions and substitutions, of assault with a dangerous weapon in violation of Article 128, UCMJ, 10 U.S.C. § 928.[1] He was sentenced to confinement for two years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

At trial appellant asserted the defense of insanity. Prior to presentation of evidence and in anticipation of the defense psychiatric testimony, the trial counsel requested that prosecution and defense psychiatrists "be allowed to sit in on each other's testimony." Trial counsel contended that the prosecution psychiatrist could help the trial counsel understand medical terminology and techniques described during testimony.

---

1. Appellant was charged with assault with intent to commit rape and murder in violation of Article 134, UCMJ, 10 U.S.C. § 934.

The defense objected because the defense psychiatrist would testify first, giving the government psychiatrist an unfair opportunity to mold his testimony. The military judge ruled the psychiatrists would be permitted to hear each other's testimony as well as that of other witnesses and the victim, if this would assist them in formulating an opinion. This ruling permitted the psychiatrists to remain in the courtroom and hear testimony on a basis different than that requested by trial counsel.

Appellant now asserts the military judge erred to his prejudice by failing to exclude the prosecution psychiatrist from the courtroom during the testimony of the defense psychiatrist and other witnesses. We disagree.

Sequestration of witnesses is governed by Military Rule of Evidence (M.R.E.) 615:

> At the request of the prosecution or defense the military judge shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and the military judge may make the order sua sponte. This rule does not authorize exclusion of (1) the accused, or (2) a member of an armed service or an employee of the United States designated as representative of the United States by the trial counsel, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's case.

The rule is patterned after Federal Rule of Evidence 615. Manual for Courts-Martial, United States, 1984, Appendix 22, Rule 615.

The question posed by this case is whether the trial judge properly applied the third exception to the general rule that witnesses will be sequestered to prevent them from tailoring or molding their testimony to what they have heard in court. This exception is appropriately invoked for an expert witness when it is shown that the expert is essential to the presentation of the case by one of the parties. *See generally* 3 J. Weinstein & M. Berger, *Weinstein's Evidence,* para. 615[02] at 615–10; S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual* 437 (3d ed. 1982 and Cum. Supp.1985); S. Saltzburg, L. Schinasi, & D.

Schlueter, *Military Rules of Evidence Manual* 319 (1981). *See also United States v. Burgess,* 691 F.2d 1146 (4th Cir. 1982); *Morvant v. Construction Aggregates Corp.,* 570 F.2d 626 (6th Cir.1978), *cert. denied,* 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978); *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co.,* 519 F.Supp. 668 (D.Del.1981).

Because there are no military cases on point concerning M.R.E. 615(3), we have turned to the federal courts for guidance. In the instructive decision of *Morvant v. Construction Aggregates Corp.,* 570 F.2d 626 (6th Cir.1978), the court set forth a useful analytical model. Starting from the premise that there is "little, if any, reason for sequestering a witness who is to testify in an expert capacity and not to the facts of the case," *Id.* at 629, the court established the following dichotomy: First, it is within the discretion of the trial judge to except expert witnesses from sequestration who need to hear firsthand the testimony of a witness to form an opinion. *Id.* at 630. The trial judge's ruling under these circumstances normally should not be overturned on appeal. Second, when a reasonably substantiated representation has been made that an expert witness is required for case management, the trial judge should invoke the exception. *Id.*

Although the trial counsel in this case requested the presence of his expert witness to assist him in managing the government's case, the military judge granted the request so the expert might use the testimony of other witnesses as a basis for his opinion. To overcome this awkward disposition we will evaluate the results on the basis requested by trial counsel, that is, exception to sequestration to permit an expert witness to aid in case management.

■ Trial counsel made an apparently good faith representation that the presence of the prosecution psychiatrist would assist him in understanding medical terminology. The defense counsel did not challenge this representation, but rather was concerned that the prosecution psychiatrist might mold his testimony and allow the govern-

ment an unfair advantage. We agree with the Sixth Circuit's view in *Morvant* that there is little reason to sequester an expert witness and, therefore, find no substance to defense counsel's objection which simply relied on the general rule favoring sequestration. Unfortunately trial counsel's request for an exception to sequestration lacked detail. Notwithstanding this deficiency, we conclude that an unrebutted representation that technical assistance is required by counsel in a complex case in which sanity is the key issue is patently reasonable. The ability to cope with psychiatric concepts is *essential* to the management of any such case. We, therefore, find that the correct result was reached when expert witnesses were not sequestered.

Since the trial judge reached the right result over defense objection for reasons other than those offered by the prosecution, we find it appropriate, in the interest of fairness, to probe further to assure ourselves that the appellant suffered neither a substantive nor tactical disadvantage by the military judge's ruling. Assuming *arguendo* that the ruling was in error, we reject the notion of prejudice *per se* when a witness is erroneously not sequestered. We adopt the rule that failure to sequester a witness, in the absence of a showing of prejudice, is not grounds for reversal. *Government of Virgin Islands v. Edinborough*, 625 F.2d 472 (3d Cir.1980); *but see State v. Roberts*, 126 Ariz. 92, 612 P.2d 1055 (1980) (*en banc*); *Reynolds v. State*, 254 Ark. 1007, 497 S.W.2d 275 (1973).

In this case the record of trial demonstrates the prosecution psychiatrist testified consistently with his pretrial written evaluation. His expert opinion testimony that the appellant did not intend to rape or murder the victim virtually assured that appellant would be convicted of no more than the lesser included offense of assault with a dangerous weapon. Finally, the military judge, in a legitimate exercise of his discretion, permitted both psychiatrists free access to the courtroom for their mu-

tual benefit in providing their expert opinion. *See United States v. Burgess*, 691 F.2d at 1157. We conclude that allowing the prosecution expert witness to hear other testimony did not prejudice the appellant.

The findings of guilty and the sentence are affirmed.

Senior Judge YAWN and Judge KENNETT concur.