## UNITED STATES v. LOPHANSKY.

(District Court, E. D. Pennsylvania. May 8, 1916.)

POST OFFICE ⟨©⟩⟩44—POSTAL OFFENSES—STATUTE—CONSTRUCTION.

Act March 4, 1909, c. 321, § 194, 35 Stat. 1125 (Comp. St. 1913, § 10364), making it an offense to extract from or out of a letter box or authorized depository mail matter which has been deposited therein, does not apply to the act of taking mail matter which has been placed on and outside the box.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 60, 61; Dec. Dig. ⟨©⟩⟩44.]

Tony Lophansky was charged with crime. On demurrer to indictment. Demurrer sustained.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

E. B. Richards, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This record discloses a question which ordinarily could be best raised as a trial question. The case may, however, be well deemed an exception to the general rule and disposed of on demurrer. The prosecution and defense join in asking such disposition to be made of it, and the indictment has been so framed as to invite a demurrer, by so presenting the facts that the guilt of defendant is presented as wholly a question of law.

The question may be thus formulated: Section 194 of the act of Congress of March 4, 1909, makes it an offense to extract any mail which has been deposited in a letter box designated as an "authorized depository" for such mail matter. The language of the act is "from or out of." The defendant is not charged to have taken anything "from" a letter box, in the sense of taking it "out of" the box, because what is charged to have been taken had never been deposited in the box. We are therefore asked to construe the act of Congress as if the evidence had shown the fact to have been that the mail matter testified to have been taken by the defendant had been placed on, but outside of, the box, and to rule whether this constituted the offense defined in the quoted section of the statute.

The rule that penal statutes must be strictly construed is in this case fortified by the observation that Congress might well have hesitated to extend the penalties of this law so as to embrace mail matter which

had not been deposited in the boxes. Counsel for the United States display (as would be expected) some embarrassment in opposing the demurrer, because it has the support of a ruling of the Attorney General, expressed in an opinion given the Post Office Department. The department was advised that an act such as that charged here did not constitute an offense under the Penal Code. There is some sanction given to the thought that this ruling was in accord with the will of Congress by the fact that the phraseology of the act has not been changed. We feel justified in accepting and following this ruling.

The demurrer is therefore sustained.