**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James WILLIS, Defendant-Appellant.**

No. 75–3081
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 1976.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

John A. Nuckolls, Cliffe Lawe Gort, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U.S. Atty., Gale McKenzie, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

James Willis was convicted by a jury for two counts of knowing possession of chattels removed from interstate commerce with a value of more than $100, in violation of 18 U.S.C. § 659. One count related to possession of eleven crates of china, and the other to possession of a carton of sunglasses. In both cases, the merchandise had been stolen from interstate shipments while they were located at truck terminals in Atlanta, and had eventually found its way into the hands of the defendant, who purchased the items at substantially less than ten percent of their retail value. With this appeal, Willis challenges the district court's holdings in failing to exclude certain statements and testimony at trial.

Appellant's main contention concerns two statements supposedly secured in violation of his right against self-incrimination and his right to counsel. The first was obtained on March 6, 1974, at the time the stolen merchandise was discovered. After being advised of his *Miranda*[1] rights, Willis admitted that he had purchased the china for $30 from an individual named Peewee. He at first claimed that Peewee had led him to believe he was selling the china at the bargain rate because he was going out of the restaurant business, but subsequent-

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966).

ly acknowledged he knew that not to be the case. The second statement was made to FBI agents following appellant's arrest on May 10, 1974. The arresting agents read Willis his *Miranda* rights at the time of his arrest, and because Willis expressed concern about spending the night in jail, suggested that they postpone interrogation until after completion of a bond hearing before a magistrate. Immediately following that hearing, the agents again informed Willis of his rights, after which he admitted purchasing both the china and the sunglasses from individuals whom he knew lacked legal possession of the merchandise.

At the evidentiary hearing concerning the voluntariness of these confessions conducted by the trial judge pursuant to *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), contradictory evidence concerning the circumstances surrounding these two admissions was heard. It is undisputed that Willis failed to sign a waiver of rights form on either occasion. However, there was testimony from the agents that after being advised of his rights and refusing to sign the waiver form, Willis expressed willingness to answer their questions. They further testified that Willis seemed perfectly calm and coherent in making the decision to do so. Willis, in contrast, claimed that he did not understand he was waiving his rights by merely talking to the agents, and that he cooperated after the magistrate's hearing only because he thought that was part of a bargain which would allow him to be released on bond. There was also disputed testimony as to whether the agents knew that arrangements had been made during the magistrate's hearing for the appointment of counsel and whether they conducted the post-hearing interrogation despite that knowledge.

■ At the conclusion of the evidentiary hearing, the trial judge resolved the disputed issues of fact against the defendant and concluded that both statements were taken without violation of his *Miranda* rights. The determination of the credibility of testimony is a matter for the finder of fact, whose determinations are not to be disturbed unless clearly erroneous. *United States v. Kennedy,* 5 Cir., 1974, 496 F.2d 1185; *United States v. Frazier,* 5 Cir., 1970, 434 F.2d 994. *See also United States v. Pollard,* 5 Cir., 1975, 509 F.2d 601. The trial court's findings in this case were not clearly erroneous. The fact that Willis failed to sign the waiver of rights form is not enough, in itself, to bar admission of the confessions, where other circumstances indicate that the statement was voluntarily given. *United States v. Boston,* 2 Cir., 1974, 508 F.2d 1171; *United States v. Sawyer,* 5 Cir., 1974, 504 F.2d 878, *cert. denied,* 421 U.S. 916, 95 S.Ct. 1578, 43 L.Ed.2d 783 (1975); *United States v. McDaniel,* 5 Cir., 1972, 463 F.2d 129, *cert. denied,* 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041; *United States v. Devall,* 5 Cir., 1972, 462 F.2d 137. Appellant's reliance on *United States v. Nielsen,* 7 Cir., 1968, 392 F.2d 849, 853, is also of no avail. In *Nielsen,* the court held that where a defendant refuses to sign a waiver form, but appears willing to answer further questions, the agents have a responsibility to make certain that the defendant's equivocal willingness to respond to questioning is a product of intelligence and understanding and not of ignorance and confusion. In the present case, there is testimony that the agents, when confronted with Willis's contradictory position, did ask additional questions to assure themselves that Willis was in fact willing to submit to further questioning. There was thus sufficient evidence from which the finder of fact could conclude that the defendant's waiver of his rights was knowing and intelligent.

■ Appellant further argues that the trial court erred in allowing an FBI agent to testify who had purportedly violated the rule of sequestration of witnesses. The violation allegedly occurred following the first day of trial when one of the FBI agents who had not yet testified was "in and out" of the prosecutor's

office a number of times during a forty-minute interview between the prosecuting attorney and another agent concerning the testimony that agent had given that day. The testimony of the alleged sequestration violator thus admitted was essentially cumulative, and did not differ from information in his earlier investigation report or from his prior testimony at the *Jackson v. Denno* hearing. Where a witness is alleged to have violated the sequestration rule, it is within the discretion of the trial court to determine whether or not the witness shall testify. *United States v. Suarez,* 5 Cir., 1973, 487 F.2d 236, 238, *cert. denied,* 415 U.S. 981, 94 S.Ct. 1572, 39 L.Ed.2d 878 (1974). The trial court's discretion in this regard was not abused in this case. •

Finally, appellant argues that questions the Government asked him on cross-examination about some coffee and razor blades not listed in the indictment were designed to elicit evidence of other crimes he had committed. In fact, however, the Government never mentioned that these were stolen items. It merely used this line of questioning to impeach appellant's claims that he had an infallible memory and to explain thereby certain discrepancies between Willis's memory of the events surrounding the acquisition of the china and sunglasses and other testimony concerning those events. The court did not err in admitting such impeachment evidence.

Affirmed.