**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Willie Henderson NASH,
Defendant-Appellant.**

**No. 80–3891
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

July 2, 1981.

Gerald J. Diaz, Jr. (Court-appointed), Jackson, Miss., for defendant-appellant.

George Phillips, U.S. Atty., Jackson, Miss., Deborah Selph Davis, Asst. U.S. Atty., Biloxi, Miss., for plaintiff-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

In this case, defendant Willie Henderson Nash appeals his conviction on a one-count indictment charging him with knowing and unlawful possession of a check stolen from the mail in violation of 18 U.S.C.A. § 1708. On appeal, defendant maintains that the following two errors require the reversal of his conviction: (1) The Government failed to prove that the stolen check had been taken from an authorized depository of mail matter and (2) the district court excluded the testimony of Nash's wife on the ground that she had not observed the rule of sequestration of witnesses. We find that neither ground raised by defendant provides a basis for reversal, and we affirm defendant's conviction.

On August 31, 1979, Eddie Lee placed a stamped and addressed envelope containing his personal check for a car payment on the top of a row of mailboxes at his apartment complex for collection by the mailman. Placing the mail on top of the mailboxes was the regular procedure for outgoing mail at his apartment complex. The check enclosed in the envelope was in the amount of $206.65 and the check was signed by Lee. The name of the payee was intentionally omitted from the check. Upon notification from the addressee—the Deposit Guaranty Bank of Jackson, Mississippi—that the payment had not been received, Lee notified the Postal Inspector of the loss or theft of this item of mail.

An investigation by the Postal Inspector revealed that a check in the amount of $205.65, payable to James Nix, had been cashed at the Sunflower Grocery Store in Jackson on September 10, 1979. The defendant was identified by a store employee as the man who, using the name Nix and displaying identification in that name, had cashed the check. A fingerprint expert testified that defendant's latent fingerprint was found on the check.

At the beginning of the trial, defense counsel had requested the court to invoke the rule of sequestration of witnesses. Defendant Nash's wife remained in the courtroom during the trial. After the Government rested, defendant moved, outside the presence of the jury, that Nash's wife be allowed to testify. Defense counsel stated that—although Lee had testified that he did not know defendant and had never seen him prior to trial—Ms. Nash would testify that she and the defendant were friends of Lee's. The court refused to allow Ms. Nash to testify on the ground that defendant would not be prejudiced by the exclusion of his wife's testimony since her testimony was not exculpatory. After denial of this motion, the defense rested and then moved for a judgment of acquittal. The district court denied this motion.

The elements necessary to establish the offense of unlawful possession of a check stolen from the mail in violation of 18 U.S.C.A. § 1708[1] are: (1) possession of the check by the defendant, (2) theft of the item from the mail, (3) knowledge of the defendant that the check was stolen, and (4) specific intent on the part of the defendant to possess the check unlawfully. *United*

1. 18 U.S.C.A. § 1708 provides:

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or

Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

Shall be fined not more than $2,000 or imprisoned not more than five years or both.

States v. Hall, 632 F.2d 500, 502 (5th Cir. 1980). Defendant contends that the Government failed to prove that the letter containing the check was stolen from an authorized depository for mail since, at the time it was stolen, the letter was on top of a row of mailboxes.

Defendant relies on *United States v. Lophansky*, 232 F. 297 (3d Cir.1916), where the court held that a letter placed on, but outside of, the mailbox was not taken from an authorized depository for mail. Defendant's reliance on *Lophansky* is misplaced, however, because *Lophansky* was decided under a statute—section 194 of the Penal Code of the United States—that prohibited only the taking of mail matter "from or out of" any authorized depository. *See* S.Rep. No. 899, 68th Cong., 2d Sess. (1925). That statute (which is now incorporated into 18 U.S.C.A. § 1708) was amended in 1925 to include the taking of mail "which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter."

■ The apartment mailbox here is an authorized depository. *See Rosen v. United States*, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406 (1918); *United States v. Hall*, 632 F.2d at 503 n.5 ("an 'authorized depository' can be anything ranging from a regulation mailbox to a clothespin clip on the addressee's doorstep."). The letter was clearly left on top of the mailbox for collection pursuant to the regular procedure followed by apartment tenants. In interpreting section 1708, this Court has been directed to consider "the realities of delivering and receiving mail in a modern urban environment." *Smith v. United States*, 343 F.2d 539, 542 (5th Cir.), *cert. denied*, 382 U.S. 861, 86 S.Ct. 122, 15 L.Ed.2d 99 (1965). In view of the

above-stated principles, this Court is compelled to conclude that the Government satisfied the element of section 1708 requiring the taking of mail "which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter." Thus, the Government sufficiently established all elements of the charged offense.

■ Defendant Nash's remaining contention on appeal is that the district court's refusal to allow Nash's wife to testify constitutes reversible error. Nash does not contend that his wife's testimony would have been exculpatory; rather, he argues only that the testimony would have impeached the testimony of Government witness Lee by showing that Lee's allegations that he did not know Nash were untrue. "Where a witness is alleged to have violated the sequestration rule, it is within the discretion of the trial court to determine whether or not the witness shall testify." *United States v. Willis*, 525 F.2d 657, 660 (5th Cir.1976). Here, since Ms. Nash's testimony would not have been exculpatory, neither defendant's sixth amendment right to a fair trial, nor his right to due process was violated. Defendant's reliance on *Braswell v. Wainwright*, 463 F.2d 1148 (5th Cir.1972) is misplaced. In that case, the Court held that the state trial court's arbitrary exclusion of the testimony of the defendant's sole corroborating witness was unconstitutional. Here, the district court weighed the value of the witness's proposed testimony and concluded that, in view of the limited use of the testimony and the absence of prejudice to the defendant if the testimony were excluded, the witness should not be allowed to testify.[2] This was not an abuse of the trial court's discretion.

2. The district court judge concluded that even if Ms. Nash testified that Lee knew her husband, that testimony would not impeach the testimony of Lee in any significant respect and would not raise any question as to the sufficiency of the evidence. The court stated:

[The testimony] doesn't discredit [Lee] as to writing the check. There is no question about it. It doesn't discredit him as to the amount of the check. It doesn't discredit the

fact that it was paid by the bank and certainly, the check doesn't show the same—by viewing the check it doesn't show the payee's name even written by the maker of the check. So, even if they almost totally discredit his entire testimony, the essential element of this case is that this Defendant willfully and with intent took the check and had it cashed, and received the money for it. There are two people who testified as to that.

Since defendant's allegations of error do not constitute reversible error, his conviction is

AFFIRMED.

One of them is the Postal Inspector who had the identification and received the report. The other one is the witness here, the young man, who testified and who is the Assistant Manager of the Sunflower Store who positively identified him. The other is the fingerprint expert who took the fingerprints and also the fingerprints found on the check itself and compared it and said that they are one and the same. So, it's the fingerprint expert, and the witness who identified him, and the Postal Inspector, who have apparently made the identification that this Defendant was the party.