UNITED STATES of America,
Plaintiff/Appellee,

v.

Henrietta Faye ELL,
Defendant/Appellant.

No. 82–1756.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1983.

Decided Oct. 7, 1983.

Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff/appellee.

Daniel Donovan, Great Falls, Mont., for defendant/appellant.

Before WRIGHT, PREGERSON and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Henrietta Faye Ell appeals her conviction for uttering an altered government check. Ell contends that the district court committed reversible error during trial when it allowed the rebuttal testimony of government witnesses who were permitted to remain in the courtroom during the testimony of other witnesses. The defendant had requested that they be excluded pursuant to Rule 615 of the Federal Rules of Evidence. We agree that it was error for the district court not to exclude the witnesses from the courtroom upon defendant's request. We remand for a finding of whether allowing the testimony was harmless error.

FACTS

On April 16, 1982, defendant Ell cashed a United States Treasury check in the altered amount of $867.63. Government records indicated that the check had been made out for the sum of $67.63. Ell testified that when she received the check in the mail, the amount was already $867.63, and that she was not aware that the check had been altered at the time she cashed it. After a two-day jury trial, Ell was convicted of the felony of uttering an altered check. 18 U.S.C. § 495.

At trial, three of the prosecution's witnesses were Roberta DesRosier; Diana Wippert, Ell's sister-in-law; and Merlin Wippert, Ell's brother. During Ms. Wippert's testimony, Ell noticed that DesRosier, who had already testified in the prosecution's case-in-chief, was still present in the courtroom. The prosecution indicated that DesRosier might later be called as a rebuttal witness. Ell moved to have DesRosier excluded from the courtroom during the testimony of the other witnesses. The court denied the motion on the ground that DesRosier had already testified in the case-in-chief. Similarly, Ell's requests to have Diana Wippert and Merlin Wippert excluded from the courtroom after their testimony in the prosecution's case-in-chief were also denied. Ell renewed her objections when Ms. Wippert and DesRosier were allowed to give rebuttal testimony. Ell additionally moved for a mistrial and later for a new trial on the sequestration issue. These motions were also denied.

I. *Application of Rule 615*

■ Rule 615 of the Federal Rules of Evidence provides in pertinent part: "At the request of a party the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion . . . ." (Emphasis added). The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was. Fed.R. Evid. 615 advisory committee note; *United States v. Warren,* 578 F.2d 1058, 1076 (5th Cir.1978) (en banc), *modified on other grounds,* 612 F.2d 887 (5th Cir.1980) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980). This circuit and others have applied the rule to rebuttal witnesses, although it is not clear from the cases whether the rebuttal witnesses also testified in the prosecution's case-in-chief. *See United States v. Ortega-Chavez,* 682 F.2d 1086, 1089–90 (5th Cir.1982); *United*

States v. Avila-Macias, 577 F.2d 1384, 1389 (9th Cir.1978).

The Government urges that Rule 615 is not applicable to rebuttal witnesses when those witnesses have already given testimony in the case-in-chief. It asserts that exclusion is not required because the jury will have the opportunity to weigh the credibility of the rebuttal testimony in light of the testimony previously given by the witness in the case-in-chief. We reject this contention. The purpose of the rule is to prevent witnesses from "tailoring" their testimony to that of earlier witnesses and to aid in detecting testimony that is less than candid. Geders v. United States, 425 U.S. 80, 87, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976). These concerns are just as valid for a rebuttal witness who has already testified in the case-in-chief as they are for a primary witness. A witness may wish to tailor rebuttal testimony to conform to that of other witnesses as well as to cover up inconsistencies in earlier testimony that have been revealed by the other witnesses. See 6 J. Wigmore, Evidence § 1840 (Chadbourn rev. 1976) ("[The time for sequestration] continues for each witness after he has left the stand, because it is frequently necessary to recall a witness in consequence of a later witness' testimony."). Thus, we hold that it was error for the district court to refuse to exclude the government witnesses from the courtroom upon Ell's request.

II. *Harmless Error*

The Government next contends that even if it was error for the district court not to exclude the government witnesses, the error is not reversible since Ell has failed to demonstrate any significant prejudice.

This court has yet to adopt a standard of review for a trial court's noncompliance with Rule 615. This case is not controlled by those Ninth Circuit cases that consider the appropriate remedy when a witness violates an exclusionary order issued pursuant to Rule 615. Those cases commit to the discretion of the trial court the appropriate sanction for a witness' violation of an exclu-

sionary order. United States v. Robbins, 579 F.2d 1151, 1154 (9th Cir.1978); United States v. Avila-Macias, 577 F.2d at 1389; United States v. Oropeza, 564 F.2d 316, 326 (9th Cir.1977), cert. denied, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978). In the above cases, the district court fully complied with Rule 615; the witnesses individually violated the court order issued pursuant to the rule. In the case at bar, however, the court failed to comply with Rule 615 when it refused to issue the exclusionary order.

A number of circuits have held that the district court's erroneous denial of an exclusion request does not mandate reversal absent a showing of prejudice. See, e.g., Wood v. Southwestern Bell Telephone Co., 637 F.2d 1188, 1194 (8th Cir.), cert. denied, 454 U.S. 837, 102 S.Ct. 142, 70 L.Ed.2d 118 (1981); Virgin Islands v. Edinborough, 625 F.2d 472, 474 (3d Cir.1980); United States v. Warren, 578 F.2d at 1076. Other courts have suggested, without reaching the question, that noncompliance with the rule may mandate automatic reversal. United States v. Burgess, 691 F.2d 1146, 1157 (4th Cir.1982); State v. Dimodica, 40 N.J. 404, 192 A.2d 825, 830 (1963). Finally, several states have adopted an approach which presumes that a violation of the rule prejudiced the defendant and thus requires reversal unless the contrary is manifestly clear from the record or unless the prosecution proves that there was no prejudice. See State v. Roberts, 126 Ariz. 92, 94, 612 P.2d 1055, 1057 (1980) (in banc); Reynolds v. State, 254 Ark. 1007, 1009, 497 S.W.2d 275, 277 (1973); Montos v. State, 212 Ga. 764, 766, 95 S.E.2d 792, 794 (1956); Givens v. State, 657 P.2d 97, 100 (Nev.1983).

We choose to adopt the last approach. Witness sequestration cases present the sort of situation in which it is grossly unfair to place the burden on the defendant to establish prejudice. It may be impossible to tell how a witness' testimony would have differed had the defendant's motion to exclude been granted. Therefore, we hold that when a court fails to comply with Rule 615, prejudice is presumed and reversal is re-

quired unless it is manifestly clear from the record that the error was harmless or unless the prosecution proves harmless error by a preponderance of the evidence. *See United States v. Castillo,* 615 F.2d 878, 883 (9th Cir.1980) (violation of evidentiary rule judged by "more probably than not harmless" standard).

On the basis of the record before us, we cannot conclude as a matter of law that allowing the rebuttal testimony of DesRosier and Ms. Wippert after they had been permitted to listen to the testimony of the other witnesses was harmless error. The credibility of both witnesses was at issue. Their rebuttal testimony may have served to rehabilitate them in the eyes of the jury. Therefore, we remand to the district court for a finding of whether the error was harmless. The prosecution will have the burden of proving harmless error by a preponderance of the evidence. Upon the district court's determination, the case will be returned to this panel.

REMANDED.