**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Kim M. LEE, Defendant-Appellant.**

**No. 86–1032.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 1986.*

Decided Sept. 24, 1986.

Allen Turbyfill, Sp. Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

H. Dean Steward, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Before BROWNING, Chief Judge, and MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

Defendant Lee appeals an order affirming his conviction following a jury trial

---

\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 3(f) and Fed.R.App.P. 34(a).

before a United States magistrate for assault in violation of 18 U.S.C. § 113(d) (1982), and disorderly conduct in violation of 18 U.S.C. § 13 (1982) and Hawaii Rev. Stat. § 711–1101. Defendant claims the magistrate erred by failing to grant a mistrial for an alleged violation of the witness exclusion rule, and by permitting an assault victim to display to the jury a scar where defendant had bitten the victim. We affirm.

 Defendant was tried for his part in an altercation at a military base club. The presiding magistrate invoked the witness exclusion rule, pursuant to Fed.R.Evid. 615. During the trial, defendant's counsel complained that the prosecutor's assistant regularly went out of the courtroom and communicated with witnesses in violation of the court's order. The magistrate conducted hearings to examine this conduct, and found the conduct was improper, but it did not prejudice the defendant.

Assuming *arguendo* the conduct was improper, it was not an abuse of discretion to hold it was not prejudicial. Since the sequestered witnesses presented conflicting testimony, their contact with the prosecutor's assistant did not lead them to conform their accounts. Defendant's other theories of possible prejudice are speculative at best.

We cannot say the magistrate abused his discretion in allowing display of the scar. An evidentiary ruling of this type is rarely disturbed on appeal. *See, e.g., United States v. Brady*, 579 F.2d 1121, 1129 (9th Cir.1978) (photograph of victim who was beaten to death admittedly "not for the faint hearted" but admissible). The location and size of the scar were directly probative of the severity of the wound the defendant inflicted and of the accuracy of the conflicting theories of the government and the defense as to how the altercation proceeded. Defendant made no showing that the scar was so gruesome that it tended unfairly to inflame the jury's passions.

Defendant argues that his willingness to stipulate to the existence of the scar made it unnecessary, and therefore error, to admit the scar itself into evidence. A trial court had discretion to allow the proof despite defendant's offer to stipulate. *See, e.g., United States v. O'Shea*, 724 F.2d 1514, 1516 (11th Cir.1984); *United States v. Hearod*, 499 F.2d 1003, 1004–05 (5th Cir.1974) (per curiam). As we have said, it was not an abuse of discretion to allow the display on the facts of this case.

**AFFIRMED.**