*Decision will be entered under Rule 155.*

COLORADO NATIONAL BANKSHARES, INC., AND SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3273-88.          Filed February 1, 1989.

*James E. Bye, William S. Huff, Douglas A. Pluss,* and *Norvell E. Brasch,* for the petitioner.

*William P. Boulet, Jr.,* and *David J. Mungo,* for the respondent.

COLVIN, *Judge:* This opinion decides petitioner's motion for sanctions to be imposed on the grounds that Rule 145[1] (Exclusion of Proposed Witnesses) was violated by respondent during trial.

Petitioner has moved to strike (1) all or part of the testimony of respondent's expert witness, Professor Edward Kane; and (2) all or part of the cross-examination of petitioner's expert witness, Dale Winter. The motion is based on petitioner's belief that respondent's counsel showed Professor Kane petitioner's Exhibit 81 outside the courtroom before Professor Kane testified, and that showing him the exhibit violated Rule 145.

The issues for decision are:

(1) Whether Rule 145 was violated, and

(2) whether and what sanctions should be imposed.

As discussed below, we find that Exhibit 81 constituted testimony for purposes of Rule 145, and that showing the exhibit to respondent's expert witness was a violation of Rule 145. Notwithstanding such violation, however, we find that there was no prejudice to petitioner. Thus, we decline to strike testimony.

## FINDINGS OF FACT

At the beginning of the trial, Rule 145 was invoked for all witnesses, including expert witnesses. Counsel for respondent asked that witnesses be excluded including experts. Petitioner's counsel did not object. Neither side contended, and we did not find, that the presence of expert witnesses was essential to the presentation of the case for either party. All witnesses were excluded from the courtroom at that time except John Fox, who remained as the corporate representative of Colorado National Bankshares (CNB). The Court granted no other exceptions to the Rule. Counsel for both parties stated their understanding that Rule 145 would not prevent counsel from discussing the case with their respective witnesses, but that discussing other witnesses' testimony with a witness would be precluded.

Professor Edward Kane was an expert witness for respondent. He testified as to his analysis of core deposit

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise specified.

intangibles. He has testified for the Government in other core deposit intangible cases in recent years, such as *Citizens & Southern Corp. v. Commissioner,* 91 T.C. 463 (1988).

At trial on Wednesday, October 19, 1988, petitioner's accountant and expert witness, Mr. Dale Winter, testified on direct and cross-examination. On cross-examination, respondent's counsel asked Mr. Winter a series of questions regarding the methods used by Ernst & Whinney to determine runoff values for accounts at Boulder National Bank. From the responses he elicited, respondent's counsel drew a graph on an easel in the courtroom. The graph was admitted as respondent's Exhibit DC. Petitioner's counsel stated its intention to either critique Exhibit DC or to submit its own version during redirect examination of Mr. Winter. Subsequently, after trial recessed on Wednesday, Mr. Winter prepared a graph in response to Exhibit DC, illustrating the present value of the core deposits intangibles arising from the demand deposit accounts at Boulder National Bank. Mr. Winter testified on redirect on Thursday, October 20, 1988. At that time, petitioner's counsel offered the graph and two pages of computer calculations prepared by Mr. Winter as petitioner's Exhibit 81. It was admitted into evidence on Thursday.

Respondent's expert, Professor Kane, was not in the courtroom on Thursday. However, he was shown Exhibit 81 by respondent's counsel outside the courtroom on Thursday night. Professor Kane indicated that he did not see Exhibit 81 until after he completed his own related computations. Professor Kane made his own computations using information contained in Exhibit CS and Exhibit 41, and did not consider Exhibit 81 in making such computations.

OPINION

Rule 145 provides the following:

RULE 145. EXCLUSION OF PROPOSED WITNESSES

(a) Exclusion: At the request of a party, the Court shall order witnesses excluded so that they cannot hear the testimony of other witnesses and it may make the order on its own motion. This Rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its

representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

(b) Contempt: Among other measures which the Court may take in the circumstances, it may punish as for a contempt (i) any witness who remains within hearing of the proceedings after such exclusion has been directed, that fact being noted in the record; and (ii) any person (witness, counsel, or party) who willfully violates instructions issued by the Court with respect to such exclusion.

Rule 145 is similar to rule 615 of the Federal Rules of Evidence:

Rule 615. Exclusion of Witnesses

At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

We must decide whether there has been a violation of Rule 145 and, if so, whether and what sanctions are appropriate.

The burden of proof is on the movant to show probable prejudice.[2] *United States v. Lee,* 800 F.2d 903 (9th Cir. 1986); *United States v. Oropeza,* 564 F.2d 316 (9th Cir. 1977). Prejudice is not presumed in the normal case.[3]

*Violation of Rule 145*

Tax Court Rule 145 and rule 615, Fed. R. Evid., are similar in that both generally result in the automatic exclusion of witnesses on request of either party unless one of the exceptions applies. For example, an expert witness may be found to be essential to the presentation of the case under Rule 145(a)(3). There was no such finding here. On the contrary, here respondent requested the exclusion of experts. Petitioner did not take a contrary position. In addition to exclusion of witnesses, the recounting of prior

---

[2]However, under the 11th Circuit's test, testimony will be struck only where the moving party has suffered actual prejudice and there has been connivance by the witness or counsel to violate the rule excluding witnesses. *United States v. Jimenez,* 780 F.2d 975, 980 (11th Cir. 1986).

[3]But compare *United States v. Ell,* 718 F.2d 291 (9th Cir. 1983) (violation of Rule 615 creates presumption of prejudice against defendant and requires reversal unless it is "manifestly clear" that error was harmless).

witness testimony to another witness before he testifies is prohibited once Rule 145 is invoked.

Petitioner asserts that respondent violated Rule 145 (1) by showing Professor Kane Exhibit 81, and (2) by, inferentially, making accompanying comment recounting testimony.

*Exhibit 81 and Rule 145*

The first issue to consider is whether showing Exhibit 81 to Professor Kane violated Rule 145.

Mr. Winter prepared Exhibit 81 to clarify his testimony on cross-examination. It was then offered and admitted into evidence. We find that it was equivalent to oral testimony by Mr. Winter for purposes of Rule 145.

We distinguish a recent Claims Court case, *Weeks Dredging & Contracting, Inc. v. United States*, 11 Cl. Ct. 37 (1986). In *Weeks,* the court had ordered defendant to give plaintiff a defense exhibit before trial. Defense did not comply. During trial, rule 615, Fed. R. Evid., was invoked. The exhibit was marked for identification, but plaintiff's counsel showed it to its expert before it was admitted into evidence. The court held that rule 615, Fed. R. Evid., did not apply to the exhibit because trial exhibits are not "generally equivalent to testimony." 11 Cl. Ct. at 55. Instead, it noted that, had the defendant provided such exhibit to the plaintiff as required by the court's pretrial order, plaintiff could have made the exhibit available to its expert before trial without violation of rule 615, Fed. R. Evid.

In contrast, Mr. Winter prepared Exhibit 81 during a trial recess to clarify his testimony on cross-examination. Mr. Winter essentially prepared a summary of his testimony in the form of a graph and computer printout.

We hold that exhibits that are prepared after trial has started to clarify witness testimony are testimony for purposes of Rule 145. Therefore, Exhibit 81 is the equivalent of testimony for these purposes.

Having found that Exhibit 81 constitutes testimony for purposes of the exclusionary provisions of Rule 145, we find that respondent's counsel violated the Rule by showing Exhibit 81 to Professor Kane.

*Inference That Testimony Was Recounted to Witness*

Petitioner further contends that "Respondent's counsel must also have discussed at least some other prior testimony with Kane. It is unlikely that Kane was merely shown Petitioner's Exhibit 81 without any comment whatsoever."

There is no direct evidence to support a finding that respondent's counsel recounted oral testimony to Professor Kane when respondent's counsel gave Exhibit 81 to Professor Kane. We find that petitioner failed to prove that recounting of oral testimony occurred. Thus, there is no violation of Rule 145 other than as discussed above relating to Exhibit 81.

*Sanctions*

The Court disapproves of violations of Rule 145. Use of Rule 145, like rule 615, Fed. R. Evid., can be an essential part of ensuring a fair trial. Thus, violation thereof is a serious matter. We must therefore consider the question of whether to impose a sanction in this case, and, if so, what sanction.

Based on the violation of Rule 145, petitioner moved at trial to strike all of the testimony of Professor Kane and a portion of the cross-examination of Mr. Winter.

We must determine whether striking respondent's expert witness's testimony and respondent's cross-examination of petitioner's expert witness is an appropriate remedy under the circumstances of this case.

Rule 145(b) states that the Court may issue a contempt citation or take "other measures" that are appropriate "in the circumstances." The range of sanctions available to the Court includes:

(1) Strike testimony, such as those parts influenced by the violation of the Rule, *Stone v. Wingo*, 416 F.2d 857, 867 (6th Cir. 1969);

(2) Permit comment on noncompliance with the Rule to reflect on the credibility of the witness, *Holder v. United States*, 150 U.S. 91, 92 (1893); *United States v. Binetti*, 547 F.2d 265, 269 (5th Cir.), revd. on other grounds 552 F.2d 1141 (5th Cir. 1977);

(3) Refuse to let a witness testify, *Rowan v. Owens,* 752 F.2d 1186, 1191 (7th Cir. 1984); *United States v. Nash,* 649 F.2d 369, 371 (5th Cir. 1981);

(4) Permit rebuttal witness as to motives, credibility, etc.;

(5) Cite the witness, counsel, or party for contempt, Rule 145(b);

(6) Grant a new trial, *United States v. Prichard,* 781 F.2d 179, 183 (10th Cir. 1986); *United States v. Ell,* 718 F.2d 291, 293-294 (9th Cir. 1983);

(7) Dismiss the petition, Rule 123(b);

(8) Default either party for failure to proceed in accordance with the Tax Court Rules, Rule 123(a);

(9) Other sanctions as the Court finds appropriate, Rule 145(b).

The Court is not required to impose sanctions; sanctions are within the Court's discretion. Rule 145(b); *United States v. Buchanan,* 787 F.2d 477, 485 (10th Cir. 1986).

It is well established that a violation of a sequestration order does not automatically require exclusion of the witness's testimony. *Holder v. United States,* 150 U.S. 91 (1893). Indeed, the Supreme Court lends its support against disqualifying witnesses—

the weight of authority is that  * * *  [a witness who violates the sequestration order] cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.  * * *  [150 U.S. at 92.]

In *United States v. Buchanan, supra,* the 10th Circuit, to which this case is appealable, took the position that, notwithstanding a violation of the rule excluding witnesses, the admissibility of a witness's testimony is discretionary with the court. It stated—

Even if violation of a proper order under this Rule [615] occurs, this alone does not render the witness' testimony inadmissible and its admission or exclusion is within the court's sound discretion.  * * *  Probable prejudice should be shown for such exclusion  * * *  [787 F.2d at 485. Citations omitted.]

The 10th Circuit has further indicated that there must be prejudice to the defendant or an abuse of discretion by the court to obtain reversal. In *United States v. Prichard,* 781 F.2d 179 (10th Cir. 1986), a bank vice president violated the

trial court's sequestration order by discussing his testimony with a Government witness. The court concluded that violation of a sequestration order "does not require a new trial * * * unless the court's decision to allow the allegedly tainted testimony was an abuse of discretion or resulted in prejudice to the defendant." 781 F.2d at 183.

Accordingly, we find that probable prejudice must be shown by movant (petitioner) in order to exclude Professor Kane's testimony or Mr. Winter's testimony on cross-examination. We find that no prejudice occurred in allowing Professor Kane to testify in this case, and decline to strike his testimony.

The purpose of the rule permitting exclusion of witnesses is to prevent witnesses from tailoring their testimony to that of prior witnesses and to minimize altered, uncandid testimony. *United States v. Ell, supra.* Professor Kane was an expert witness who had testified previously in similar cases. Since Professor Kane was not a fact witness, but rather an expert witness stating an opinion based on his expertise, we believe that he did not alter his testimony in the sense of changing his story or changing facts. We believe that there was no intent to produce uncandid testimony.

Similarly, we find that petitioner was not prejudiced by respondent's counsel's cross-examination of Mr. Winter. The record provides no basis for disputing respondent's counsel's assertion on brief that he prepared his cross-examination of Mr. Winter independently. Much of the cross-examination of Mr. Winter consisted of questions seeking to elicit clarification or explanation of Exhibit 81. We believe that respondent's counsel's cross-examination of Mr. Winter was not tainted by the violation of Rule 145, and we decline to strike his testimony.

Exclusion of witness testimony can deprive the Court of a complete record.[4] However, exclusion of witness testimony is appropriate if the Court believes the testimony was doctored or that a party was seeking to produce untruthful testimony. That did not occur here.

---

[4] 3 J. Weinstein & M. Berger, Weinstein's Evidence, par. 615[03], at 615-26 (1988).

While we find that Rule 145 was violated by the showing of Exhibit 81 to respondent's expert witness, we do not find that petitioner was prejudiced thereby.

The Court wants to make clear that it will not abide violations of this nature. The fact that the violation of Rule 145 was not prejudicial in this case does not lessen the fact that a violation of the Rules occurred. Thus, while we do not impose sanctions in this case absent prejudice, this Court will not hesitate to apply sanctions in other cases where appropriate.

Accordingly,

*An appropriate order will be issued.*