**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10066 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00306-TLN-1 |
| v. | |
| PERCY LOVE III, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted November 14, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and EZRA,[**] District Judge.

Percy Love appeals his jury conviction and sentence for sex trafficking by force, fraud, or coercion, and for sex trafficking a child, in violation of 18 U.S.C. § 1591(a)(1). Love argues that the district court (1) violated his public-trial rights

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

by excluding his mother and sister from the courtroom; (2) insufficiently defined force and fraud for the jury; (3) improperly instructed the jury on the standard for Count Two; (4) permitted improper argument from the government in closing; and (5) inflated his sentence. For the reasons explained below, we affirm.

The district court did not err when it excluded Love's mother and sister from the courtroom after they testified because both women could potentially have been recalled as rebuttal witnesses. Their exclusion was therefore proper under the Rule 615 witness-sequestration order that Love had requested. *See* Fed. R. Evid. 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear other witnesses' testimony"); *see also United States v. Ell*, 718 F.2d 291, 293 (9th Cir. 1983) (explaining Rule 615 sequestration orders still apply after a witness finishes testifying). Rule 615 sequestrations do not violate the Sixth Amendment's public-trial guarantees. *See United States v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir. 1989) ("The right to a public trial [] is not absolute and must give way . . . to other interests essential to the fair administration of justice") (citations omitted).

Not one of Love's jury instruction challenges warrants reversal. Because 18 U.S.C. § 1591 does not define force or fraud, the district court properly instructed the jury to use the ordinary meaning of both terms. *See United States v. Smith*, 719

F.3d 1120, 1125 n.6 (9th Cir. 2013) (citing *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 432 (9th Cir. 2011)).  Further, given the overwhelming evidence that Love used brute force against his victims, no reasonable juror would have been confused as to whether Love's conduct meets the ordinary definition of "force."  *See id.* at 1125 (concluding plain definition of "force" is "violence or such threat or display of physical aggression toward a person as reasonably inspires fear of pain, bodily harm, or death . . .") (quoting *Webster's Third New International Dictionary*, 887, 904 (2002)).

Nor was it error to decline Love's request for a unanimity instruction on Count Two.  Because the evidence on Count Two pertained to an isolated and physical attack, there is no genuine possibility that Love was convicted on Count Two because different jurors concluded that he committed different acts.  *See United States v. Mickey*, 897 F.3d 1173, 1182 (9th Cir. 2018) (affirming denial of specific unanimity instruction on § 1591(a) charge).

Third, the district court did not plainly err when it instructed the jury on Count Two using § 1591's 2008 definition of "serious harm," which included threats of nonphysical harm, rather than the definition in effect when Love committed the charged acts.  Even if erroneous, the district court's definition caused no prejudice because the evidence on Count Two pertained to unequivocal

physical harm: The evidence showed Love repeatedly punched F.W. and threw her against a wall.

Love has not shown reversible error based on the prosecutor's statement in closing that Love is the kind of person that has sex with a 14-year old. Because Love did not object below, reversal is warranted only if the prosecutor's comment "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Here, viewed in context, the prosecutor's statement neither undermined the fundamental fairness of the trial nor contributed to a miscarriage of justice.

Finally, the district court did not err at sentencing by applying both U.S.S.G. § 4B1.5(b)(1)'s sentencing enhancement and § 4B1.1's career offender guideline because applying § 4B1.1 would not have changed Love's offense level or criminal history category.

**AFFIRMED.**